USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2-1-22

**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA

    - v. -

GAZMEND LITA,

        Defendant.

------------------------------------- x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

20 Cr. 660 (ALC)

WHEREAS, on or about December 7, 2020, GAZMEND LITA, (the "Defendant"), among others, was charged in one-count of an eleven-count Sealed Indictment, 20 Cr. 660 (ALC) (the "Indictment"), with conspiracy to commit an offense against the United States: transmission of wagering information, in violation of Title 18, United States Code, Section 371 (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Count Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Three of this Indictment;

WHEREAS, on or about September 8, 2021 the Defendant pled guilty to Count Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Three of the Indictment and agreed to forfeit to the United States a sum of money equal to $111,704.94 in United States currency, representing property that constitutes or is derived from proceeds traceable to the offense charged in Count Three of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $111,704.94 in United States currency, representing the proceeds traceable to the

offense charged in Count Three of the Indictment that the Defendant personally obtained, of which the Defendant is jointly and severally liable with co-defendant Ervin Makishti a/k/a/ "Vinny", to the extent a forfeiture money judgment is entered against Makishti in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Three of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, David Felton, of counsel, and the Defendant, GAZMEND LITA, and his counsel, John A. Azzarello, Esq., that:

1. As a result of the offense charged in Count Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $111,704.94 in United States currency (the "Money Judgment"), representing the amount of proceeds tracaeable to the offense charged in Count Three of the Indictment that the Defendant personally obtained, of which the Defendant is jointly and severally liable with co-defendant Ervin Makishti, to the extent a forfeiture money judgment is entered against Makishti in this case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, GAZMEND LITA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals

Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____   2-1-22
David Felton                   DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2299


GAZMEND LITA

By: _____   2-1-22
Gazmend Lita                   DATE


By: _____   2-1-22
John A. Azzarello, Esq.        DATE
Attorney for Defendant
Whipple Azzarello, LLC
161 Madison Avenue, Suite 325
Morristown, New Jersey 07960


SO ORDERED:

_____        2/1/22
HONORABLE ANDREW L. CARTER      DATE
UNITED STATES DISTRICT JUDGE