

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 12, 2022

**BY ECF AND EMAIL**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: United States v. Miralem Ljuljanovic, 20 Cr. 660 (ALC)

Dear Judge Carter:

The Government respectfully submits this letter in advance of the sentencing of defendant Miralem Ljuljanovic, currently scheduled for December 20, 2022 at 2:00 p.m., and in response to defendant's sentencing memorandum ("Ljuljanovic Sentencing Memorandum") dated December 6, 2022.

Miralem Ljuljanovic played a critical leadership role in a years-long conspiracy to operate illegal gambling businesses in New York. He oversaw numerous employees in his day-to-day operation of a gambling parlor known as "Friendly Café" during this criminal conduct, and was in turn a trusted associate of Abduraman Iseni, a recidivist offender who was the leader of a racketeering enterprise including Friendly Café. The defendant knew the breadth of Iseni's conduct, through his conspiracy with the leader of another parlor, Ervin Makishti. Ljuljanovic and Makishti participated in a sports gambling conspiracy focused around their respective parlors. Given the defendant's leadership role in this criminal conspiracy, the Court should impose a sentence within the applicable Guidelines: 12 to 18 months' imprisonment.

**A. Instant Offense Conduct**

Beginning in or about after 2015, Abduraman Iseni, a twice previously convicted federal felon, began to operate an informal racketeering enterprise, which focused on gambling parlors in Brooklyn and its environs. Presentence Investigation Report ("PSR") ¶ 26. Iseni lent money to Ljuljanovic for the him to operate "Friendly Café," as well as other gambling parlors in the greater New York area. Friendly Café maintained traditional electronic poker machines and weekly poker games, as well as even more lucrative sports gambling by wire. PSR ¶ 41. In exchange, Iseni took a cut of their profits. Ljuljanovic understood that Iseni was leading a wider criminal enterprise, because the defendant had direct contact with some of the other gambling parlor operators. In turn, Ljuljanovic led Friendly Café's illegal operation, overseeing more than five employees in

maintaining the illegal business. PSR ¶¶ 31–32. These illegal operations were highly remunerative: the defendant and Friendly Café earned hundreds of thousands of dollars in illegal proceeds. PSR ¶ 33. Friendly Café was searched by the FBI in February 2020, pursuant to a search warrant. Relatedly, and as part of his operation of Friendly Café, the defendant committed fraud, providing false paperwork to the government and to banks to try to obtain grants and loans designed to assist business owners during the height of the COVID-19 pandemic. PSR ¶ 34. Ljuljanovic obtained more than $100,000 on such false pretenses, claiming falsely, for instance, that Friendly Café was a legitimate business and was not involved in any gambling activity. Indeed, once he received this money, he often diverted it to personal purposes, like purchases of electronics and clothing.

**B. Procedural History**

On December 7, 2020, a grand jury in this District returned Indictment 20 Cr. 660, which charged the defendant with: Count One, racketeering conspiracy, in violation of Title 18, United States Code, Section 1961; Count Two, conspiracy to operate illegal gambling businesses, in violation of Title 18, United States Code, Sections 371 and 1955; and Count Three, conspiracy to transmit wagering information, in violation of Title 18, United States Code, Sections 371 and 1084. On December 10, 2020, the defendant was arrested, and released on bail. He has been on bail since. On July 23, 2022, he pleaded guilty before Your Honor to Count Three pursuant to a written plea agreement.

**C. Sentencing Guidelines**

The Probation Office has calculated the offense level as 13, consistent with the plea agreement, as follows: the base offense level is 12, pursuant to U.S.S.G. §§ 2X1.1 and 2E3.1(a)(2); four levels are added because the defendant was an organizer or leader, pursuant to U.S.S.G. § 3B1.1(a); and three levels are removed for acceptance of responsibility. PSR ¶¶ 43–52. The defendant has no criminal history.

The appropriate Sentencing Guidelines range is, as calculated by Probation, 12 to 18 months' imprisonment. PSR ¶ 97. Probation recommends a below-Guidelines sentence of 6 months in prison. PSR p. 24.

**D. A Guidelines Sentence is Sufficient, but Not Greater than Necessary, to Comply with the Purposes of 3553(a)**

The Sentencing Guidelines provide strong guidance to sentencing courts after *United States v. Booker*, 543 U.S. 220 (2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49. After making the appropriate calculation, the Court must then consider the Section 3553(a) factors, in order to impose a sentence that is sufficient but not greater than necessary.

The Court should impose a sentence within the Guidelines range of 12 to 18 months. Ljuljanovic's crime was serious, and such a sentence is necessary to afford adequate deterrence. The defendant was a leader within a broad criminal conspiracy, directing employees to operate a highly successful illegal gambling parlor, in support of a racketeering enterprise led by Iseni, a recidivist criminal. Ljuljanovic earned hundreds of thousands of dollars from his criminal conduct, and provided a cut of the proceeds to Iseni. Only a Guidelines sentence, including significant prison time, can properly deter him and others who are similarly situated. Further, Ljuljanovic's criminal conduct showed a deep disrespect for the law: even after Friendly Café was raided by the FBI in February 2020, he continued to commit other offenses by filing false documents to the government and various banks to fraudulently obtain funds allocated to address the COVID pandemic, money which he instead diverted for his personal use.

The defendant requests an inappropriately low sentence of time served, below the bottom of the Guidelines range and also Probation's recommendation. He grounds this request in, among other things, his personal circumstances, Ljuljanovic Sentencing Memorandum at 3; his "f[alling] in with the wrong crowd," *id.* at 5; and his need to continue his rehabilitative efforts that he has taken while on bail, *id.* But, the Government respectfully submits, these arguments are insufficient. The defendant's criminal conduct is too serious. The defendant made the decision to manage others in a criminal gambling conspiracy, instead of continuing his lawful employment. While the Government agrees that Ljuljanovic has been compliant on bail, his bail conditions were designed to ensure his return to Court. The Court's determination of his sentence after his guilty plea, is different. There is no reason to conclude that the defendant's rehabilitation will be meaningfully interrupted were he to serve an appropriate period of incarceration within the Guidelines range.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: *Samuel Raymond*
Samuel Raymond / David Felton
Assistant United States Attorneys
(212) 637-6519/-2299

cc: James R. Froccaro, Jr. (by ECF and e-mail)